**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROLANDO CAMUNAS,<br>796 Cinnaminson Street<br>Philadelphia, PA 19128 | Civil Action No. 26-5309 |
| | COMPLAINT |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | |
| LOWENTHAL & ABRAMS, P.C.,<br>555 E. City Ave<br>Suite 500<br>Bala Cynwyd, PA 19004 | |
| Defendant. | |

**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

Plaintiff Rolando Camunas ("Plaintiff"), by and through undersigned counsel, brings this

Complaint against Defendant Lowenthal & Abrams, P.C. ("Defendant") for violations of the

Telephone Consumer Protection Act, 47 U.S.C. § 227, and the regulations promulgated

thereunder, and alleges as follows:

**INTRODUCTION**

1.      This is an action to redress Defendant's unsolicited and unlawful telephone calls to

Plaintiff's telephone numbers.

2.      Plaintiff's telephone numbers are registered on the National Do Not Call Registry, and

were so registered before the calls began.

3.      Defendant placed prerecorded calls to Plaintiff without Plaintiff's prior express written

consent and despite Plaintiff's request that the callers stop calling.

4.      Defendant's calls invaded Plaintiff's privacy, annoyed and disrupted Plaintiff, and

required Plaintiff to spend time addressing and attempting to stop the unwanted calls.

Page 1

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law, specifically, the Telephone Consumer Protection Act, 47 U.S.C. § 227.

6. Plaintiff's claims are also authorized by 47 U.S.C. § 227(b)(3) and § 227(c)(5), which authorize private actions for violations of the TCPA and its implementing regulations.

7. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (b)(2) because Defendant resides in this District and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District, including Plaintiff's receipt of the unlawful calls while residing in Philadelphia, Pennsylvania.

8. Defendant is subject to personal jurisdiction in Pennsylvania because Defendant directed calls into Pennsylvania, conducts business in Pennsylvania, and purposefully availed itself of the privilege of conducting activities within this Commonwealth.

## PARTIES

9. Plaintiff Rolando Camunas is an adult individual residing at 796 Cinnaminson Street, Philadelphia, Pennsylvania 19128.

10. Defendant Lowenthal & Abrams, P.C. is a Pennsylvania professional corporation and law firm with its principal office at 555 East City Avenue, Suite 500, Bala Cynwyd, Pennsylvania 19004.

## FACTUAL ALLEGATIONS

11. Plaintiff is the subscriber and customary user of telephone numbers 215-359-5091 and 484-848-7806.

12. Plaintiff's telephone numbers are cellular (wireless) telephone numbers used for personal, residential, and household purposes and are registered on the National Do Not Call

Registry. Such wireless numbers used for residential purposes are protected by the TCPA's do-not-call provisions.

13. Defendant solicits consumers to provide them with legal services, and, through its agents, vendors, or representatives, initiated or caused the initiation of solicitation calls to Plaintiff's telephone numbers.

14. Plaintiff received prerecorded calls promoting, advertising, or soliciting Defendant's legal services.

15. The calls at issue were received on or about August 2024 to at least October 2025. The number of calls is at least 47. A list of the calls identified so far is attached as Exhibit A.

16. Each call began with an artificial or prerecorded message identifying the caller as Lisa from "Accidental Claim Help Line," followed by a live-agent transfer.

17. Mr. Camunas responded to nearly every call he received by telling the caller to stop calling. The calls continued.

18. The calls originated from dozens of distinct—and, on information and belief, spoofed—telephone numbers, yet were channeled consistently through a single script and a single intake pipeline that routed individuals to Defendant. Despite originating from different displayed numbers, the calls employed the same prerecorded script and the same intake operation, demonstrating that they were part of a single, coordinated telemarketing campaign conducted for Defendant's benefit.

19. On September 12, 2024, Mr. Camunas stayed on the line after the prerecorded message to identify the party on whose behalf the campaign was being run. He was transferred directly to an agent who then texted a confirmation that he had been matched with Lowenthal & Abrams.  See Exhibit B. A few minutes later, he received a phone call from Ms. Margaret (Peggy) Quinlan, an attorney at Lowenthal & Abrams, which was followed by an email.  See Exhibit C

20. The calls were made to telephone numbers Defendant knew or should have known were registered on the National Do Not Call Registry for at least 31 days before the calls at issue were made.

21. Plaintiff did not provide Defendant with prior express written consent to receive prerecorded telemarketing calls on either 215-359-5091 or 484-848-7806.

22. Despite Plaintiff's lack of consent and request that the calls stop, Defendant, through its agents, continued to initiate or cause prerecorded calls to Plaintiff's telephone numbers.

23. Defendant's calls were not made for emergency purposes.

24. Defendant's calls were made for marketing or solicitation purposes and constitute telephone solicitations within the meaning of the TCPA and its implementing regulations.

25. Defendant either failed to maintain procedures reasonably designed to avoid calls to numbers on the National Do Not Call Registry and internal do-not-call requests, failed to train personnel regarding such procedures, failed to honor Plaintiff's request not to be called, and/or failed to ensure that its agents and vendors complied with the TCPA.

26. As a result of Defendant's conduct, Plaintiff suffered harm, including invasion of privacy, annoyance, aggravation, nuisance, disruption, and wasted time.

## AGENCY AND VICARIOUS LIABILITY

27. Defendant did not place the calls at issue directly. The calls were initiated by one or more third-party lead generators and telemarketing vendors operating a campaign at Defendant's behest that solicited accident and personal-injury claimants—including the entity identifying itself as "Accidental Claim Help Line"—and that routed the resulting consumer leads to Defendant. Defendant is nonetheless liable for those calls under

federal common-law principles of agency, including actual authority, apparent authority, and ratification.

28. Actual authority. Defendant authorized and exercised control over the calling campaign conducted on its behalf. Upon information and belief, Defendant retained, directed, or contracted with the lead generators and their vendors to obtain client leads; established or approved the criteria and script by which consumers were solicited; and received and acted upon the leads the campaign produced. The callers placed the calls for the purpose of obtaining clients for Defendant and at Defendant's direction.

29. Apparent authority. Defendant's own conduct caused Plaintiff reasonably to believe that the callers were acting on Defendant's behalf. Immediately after Plaintiff was transferred from the prerecorded message to a live agent, Plaintiff received a text confirming that he had been "matched with Lowenthal & Abrams," and minutes later Defendant's own attorney, Margaret Quinlan, telephoned Plaintiff regarding the very matter the campaign had solicited. Through these manifestations, Defendant held the callers out as authorized to solicit prospective clients on its behalf.

30. Ratification. Defendant knew, should have known, or consciously avoided knowing, that the leads it accepted were generated through prerecorded telemarketing calls placed to consumers who had not given prior express written consent and whose numbers were registered on the National Do Not Call Registry. Defendant nonetheless accepted the benefits of those calls by taking the leads, contacting the solicited individuals, and seeking to retain them as clients. It continued to do so even after Plaintiff repeatedly demanded that the calls stop. Defendant thereby ratified the calls.

31.    By reason of the foregoing, Defendant is vicariously liable for the calls placed in the course of the campaign conducted on its behalf and is deemed under the TCPA to have initiated those calls.

## COUNT I

**Violations of 47 U.S.C. § 227(b)(1)(A)(iii) - Prerecorded Calls to Cellular Telephones**

32.    Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

33.    The TCPA prohibits calls to a cellular telephone number using an artificial or prerecorded voice without the called party's prior express written consent, except for emergency purposes or as otherwise exempted by law, which are not applicable here. The TCPA is a strict-liability statute as to the base statutory award: Plaintiff need not prove that Defendant acted with intent or knowledge, and Defendant's good faith or lack of intent is not a defense to liability.

34.    Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by initiating or causing the initiation of prerecorded calls to Plaintiff's cellular telephone numbers without Plaintiff's prior express written consent.

35.    Plaintiff is entitled to statutory damages of $500 for each violation of 47 U.S.C. § 227(b)(1)(A)(iii), pursuant to 47 U.S.C. § 227(b)(3)(B).

36.    Because Defendant's violations were knowing or willful, the Court may treble the statutory award and increase it to up to $1,500 for each violation, pursuant to 47 U.S.C. § 227(b)(3). This penalty is separate from, and in addition to, the penalty available under 47 U.S.C. § 227(c)(5) alleged below.

## COUNT II

**Violations of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c) - National Do Not Call Registry**

37.    Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

38. The TCPA and 47 C.F.R. § 64.1200(c) prohibit telephone solicitations to residential telephone subscribers who have registered their telephone numbers on the National Do Not Call Registry.

39. Defendant violated 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c) by initiating or causing more than one telephone solicitation within a twelve-month period to Plaintiff's numbers while those numbers were registered on the National Do Not Call Registry.

40. Plaintiff is entitled to statutory damages of $500 for each such call in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), pursuant to 47 U.S.C. § 227(c)(5)(B). This penalty is separate from, and in addition to, the penalty available under 47 U.S.C. § 227(b)(3) alleged in Count I.

41. Because Defendant's violations were knowing or willful, the Court may treble the statutory award and increase it to up to $1,500 for each such call, pursuant to 47 U.S.C. § 227(c)(5).

42. Plaintiff is also entitled to injunctive relief enjoining Defendant from making calls to Plaintiff's phones in the future, pursuant to 47 U.S.C. § 227(b) and (c).

## COUNT III
### Violations of 47 C.F.R. § 64.1200(d) - Internal Do Not Call Requirements

43. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

44. The TCPA's implementing regulations require persons or entities that initiate telemarketing calls to maintain and honor written internal do-not-call procedures, train personnel regarding those procedures, maintain internal do-not-call lists, and honor do-not-call requests within a reasonable time.

45. Plaintiff asked the callers to stop calling, but Defendant failed to honor that request.

46.    Defendant violated 47 C.F.R. § 64.1200(d) by failing to  maintain and honor written internal do-not-call procedures, train personnel regarding those procedures, maintain internal do-not-call lists, and otherwise ensure compliance with the TCPA.

47.    Defendant violated 47 C.F.R. § 64.1200(d) by failing to implement, maintain, and follow procedures necessary to prevent further calls to Plaintiff after Plaintiff's do-not-call request.

48.    The violations alleged in this Count independently establish a violation of the regulations prescribed under 47 U.S.C. § 227(c) and are pleaded as an independent and alternative basis for the statutory recovery available under 47 U.S.C. § 227(c)(5), whether or not Plaintiff also prevails on Count II. For each such violation, Plaintiff is entitled to statutory damages of $500, which the Court may increase to up to $1,500 for knowing or willful violations, pursuant to 47 U.S.C. § 227(c)(5).

## DAMAGES AND STATUTORY STACKING

49.    Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein. The TCPA provides two separate private rights of action, each carrying its own statutory penalty, and the calls at issue trigger both. These penalties are cumulative: a single unlawful call that violates both statutes gives rise to a separate statutory award under each.

50.    Under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to statutory damages of $500 for each prerecorded call placed to Plaintiff's cellular telephone without prior express written consent, as alleged in Count I.

51.    Under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to statutory damages of $500 for each call that violated the do-not-call regulations prescribed under 47 C.F.R. § 64.1200, as alleged in Counts II and III.

52.    These two statutory penalties stack because § 227(b) and § 227(c) protect against distinct harms. Section 227(b) restricts the use of automated and prerecorded-voice technology, while § 227(c) protects the privacy of subscribers who have placed their numbers on the National Do Not Call Registry and requires callers to maintain and honor do-not-call procedures. Because a single call that violates both provisions inflicts both harms, Plaintiff may recover separately under each. See Charvat v. NMP, LLC, 703 F.3d 949 (6th Cir. 2013).

53.    Accordingly, each unlawful call gives rise to base statutory damages of $500 under § 227(b)(3) plus $500 under § 227(c)(5), for a combined base award of $1,000 per call.

54.    The do-not-call violations alleged in Count II (47 C.F.R. § 64.1200(c)) and Count III (47 C.F.R. § 64.1200(d)) each independently establish a violation of the regulations prescribed under § 227(c) and are pleaded as independent and alternative bases for the single statutory recovery available under § 227(c)(5) for each call.

55.    A violation is "knowing or willful" under the TCPA when the defendant knew of the facts that constituted the violation — that it was placing the call — and Plaintiff need not prove that Defendant knew its conduct was unlawful. Defendant's conduct was knowing and willful: Defendant, through its agents, continued to place prerecorded calls after Plaintiff repeatedly demanded that they stop; placed the calls from dozens of distinct and, on information and belief, spoofed numbers to evade call-blocking and conceal the campaign's source; and accepted the benefits of the calls while knowing, or consciously

avoiding knowledge, that they were placed unlawfully to a number registered on the National Do Not Call Registry.

56.    For knowing or willful violations, the Court may treble the award under each statute, increasing the recovery to up to $1,500 under § 227(b)(3) and up to $1,500 under § 227(c)(5), for a total of up to $3,000 per call.

57.    By way of illustration, based on the at least 47 unlawful calls presently identified, the combined base statutory damages total at least $47,000, and trebled damages for Defendant's knowing and willful violations total up to $141,000, exclusive of injunctive relief and of any additional calls identified through discovery.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in Plaintiff's favor and against Defendant and award the following relief:

A. Statutory damages of $500 for each violation of the TCPA and its implementing regulations — comprising $500 per call under 47 U.S.C. § 227(b)(3) and $500 per call under 47 U.S.C. § 227(c)(5) — for a combined base award of $1,000 per call;

B. Treble statutory damages for each knowing or willful violation — up to $1,500 per call under 47 U.S.C. § 227(b)(3) and up to $1,500 per call under 47 U.S.C. § 227(c)(5) — for a combined award of up to $3,000 per call;

C. Injunctive relief prohibiting Defendant and its agents from placing further unlawful calls to Plaintiff;

D. Costs of suit and any recoverable fees permitted by law;

E. Pre-judgment and post-judgment interest as permitted by law; and

F. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: July 28, 2026

Respectfully submitted,

By: _____
Sandra A. Girifalco
Attorney ID # 32602
301 Ap Even Rd.
Wayne, PA 19087
215-915-1123
sgirifalco@gmail.com
Counsel for Plaintiff Rolando Camunas

**EXHIBIT A**

| Date | Time | Caller Number |
|---|---|---|
| 2024-08-21 | 18:43 | (484) 497-8387 |
| 2024-08-31 | 10:37 | (484) 335-0224 |
| 2024-08-31 | 18:15 | (484) 480-4816 |
| 2024-09-03 | 15:24 | (484) 224-5749 |
| 2024-09-03 | 11:21 | (484) 494-5852 |
| 2024-09-04 | 10:49 | (484) 461-6980 |
| 2024-09-04 | 14:34 | (484) 461-8886 |
| 2024-09-04 | 14:03 | (484) 494-6208 |
| 2024-09-04 | 10:59 | (484) 791-3158 |
| 2024-09-06 | 19:10 | (267) 448-8345 |
| 2024-09-06 | 12:44 | (484) 614-1826 |
| 2024-09-07 | 10:13 | (484) 494-3427 |
| 2024-09-09 | 14:23 | (267) 318-7543 |
| 2024-09-09 | 18:59 | (484) 202-8151 |
| 2024-09-09 | 19:49 | (484) 466-2207 |
| 2024-09-09 | 14:48 | (484) 472-8303 |
| 2024-09-10 | 15:10 | (267) 292-3673 |
| 2024-09-10 | 12:59 | (484) 288-8529 |
| 2024-09-10 | 14:26 | (484) 483-7094 |
| 2024-09-10 | 20:04 | (484) 494-3483 |
| 2024-09-11 | 19:33 | (267) 318-7039 |
| 2024-09-11 | 18:16 | (267) 538-6352 |
| 2024-09-11 | 20:05 | (484) 469-3635 |
| 2024-09-11 | 18:12 | (484) 661-1813 |
| 2024-09-12 | 12:15 | (484) 443-8464 |
| 2024-10-07 | 12:02 | (267) 292-5494 |
| 2024-10-31 | 14:31 | (267) 757-8960 |
| 2024-11-12 | 15:58 | (267) 577-4028 |
| 2024-12-16 | 16:30 | (267) 799-2802 |
| 2024-12-16 | 17:12 | (267) 892-3651 |
| 2024-12-16 | 13:52 | (267) 897-9364 |
| 2024-12-26 | 19:15 | (267) 653-9053 |
| 2024-12-27 | 13:29 | (267) 635-4170 |
| 2025-01-02 | 16:10 | (267) 479-0341 |
| 2025-01-03 | 12:50 | (267) 386-9558 |
| 2025-01-03 | 15:41 | (267) 786-1080 |
| 2025-01-06 | 12:34 | (267) 775-0174 |
| 2025-01-07 | 12:44 | (267) 433-1186 |
| 2025-01-14 | 18:00 | (267) 598-6243 |
| 2025-01-15 | 18:22 | (267) 546-3346 |
| 2025-01-16 | 17:28 | (267) 401-1075 |
| 2025-01-16 | 13:36 | (267) 536-1964 |
| 2025-01-17 | 13:09 | (267) 728-6716 |
| 2025-01-22 | 16:43 | (484) 461-8886 |
| 2025-03-07 | 16:39 | (484) 494-6218 |
| 2025-05-05 | 11:46 | (484) 623-4259 |

**EXHIBIT B**

From attorney Peggy Quinlan, we just spoke

From:   Peggy Quinlan (peggy@lowenthalabrams.com)

To:     fearless234@yahoo.com

Date:   Thursday, September 12, 2024 at 12:44 PM EDT

This is attorney Peggy Quinlan, from the law firm of Lowenthal and Abrams.  We just spoke.   Our web address is lowenthalabrams.com.  You can reach me from 9 am to 9 pm, at 215-301-8186.

# EXHIBIT C

 **Roland Roland**
From: fearless234@yahoo.com
To: me

 Thu, Sep 12, 2024 at 1:22 PM

⌄ Hide original message

----- Forwarded Message -----
**From:** Peggy Quinlan <peggy@lowenthalabrams.com>
**To:** fearless234@yahoo.com <fearless234@yahoo.com>
**Sent:** Thursday, September 12, 2024 at 12:44:20 PM EDT
**Subject:** From attorney Peggy Quinlan, we just spoke

This is attorney Peggy Quinlan, from the law firm of Lowenthal and Abrams.  We just spoke.   Our web address is lowenthalabrams.com.  You can reach me from 9 am to 9 pm, at 215-301-8186.

